**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-03322

CLIFFORD L. EDWARDS,

Plaintiff,

v.

BC SERVICES, INC.,

Defendant.

---

**COMPLAINT**

---

NOW comes CLIFFORD L. EDWARDS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BC SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Dillon, Colorado, which is within the District of Colorado.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant states that it "is an accounts receivable management company that partners with businesses to streamline their recovery process and improve cash flow."[1] Defendant is in the business of collecting consumer debts for others. Defendant is a corporation organized under the laws of the state of Colorado with J. Boettcher as its registered agent located at 550 Disc Drive, Longmont, CO 80503.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Around the summer of 2018, Plaintiff suffered an accident at work, which required extensive medical treatments, including multiple surgeries.

10. Consequently, Plaintiff retained the services of an attorney to file for benefits under his employer's Worker's Compensation Insurance ("Worker's Compensation").

---

[1] https://www.bcservice.com/

11. Upon information and belief, the costs of the medical services resulting from Plaintiff's workplace injuries were fully covered by Pinnacol Assurance ("Pinnacol").

12. Nevertheless, On December 11, 2018 Defendant mailed of caused to be mailed, through U.S. Mail, a collection letter attempting to collect upon a purportedly unpaid medical bill for $7.20 ("subject debt") owed to Colorado Imaging Associates ("Colorado Imaging).

13. Moreover, Defendant itemized "Interest" as $0.00 in its collection letter.

14. Defendant's correspondence confused Plaintiff as he was aware that all of his medical bills were fully covered by Pinnacol.

15. Furthermore, Defendant's itemization of interest concerned Plaintiff as he did not want a debt collector to accrue interest on a debt he does not owe.

16. Consequently, Plaintiff contacted Colorado Imaging to inquire about the subject debt.

17. Plaintiff was informed by Colorado Imaging that he does not owe the subject debt and that all expenses were covered by Pinnacol.

18. Thereafter, Defendant telephonically contacted Plaintiff to collect upon the subject debt.

19. Plaintiff informed Defendant that he did not owe the subject debt and he would not pay it.

20. Despite the information provided by Plaintiff, Defendant persistently held that it would continue to seek payment from Plaintiff, even though he does not owe the subject debt.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

22. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

23. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1950.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

[2] https://www.acainternational.org/search#memberdirectory

31. Defendant violated §1692e, e(2) and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant began its debt collection campaign by mailing a collection letter attempting to collect upon a debt that is not owed by Plaintiff. Defendant's letter deceptively alluded that interest was accruing on the subject debt, which prompted Plaintiff to contact Colorado Imaging. Thereafter, Plaintiff was informed by Colorado Imaging that he does not owe the subject debt, and Plaintiff informed Defendant of the same. However, Defendant did not stop its collection efforts and proclaimed that it would continue to seek payment from Plaintiff. Defendant's statement demonstrates its willingness to collect from innocent consumers and misleadingly attempted to collect from Plaintiff upon a debt that he does not owe.

32. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its collection letter that it had the ability to add interest to the subject debt. Defendant's letter unlawfully alluded that it could accrue interest due to the itemization of $0.00 in "Interest." The inclusion of this itemization misleadingly suggests to consumers the false possibility that Defendant could tack on additional amounts on debts that are not owed. Since Plaintiff does not owe the subject debt, interest could not be lawfully added and/or collected from Plaintiff. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional interest – even though such interest was not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest he be subjected to additional interest by a subsequent debt collector.

**b. Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

35. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts on a debt that Plaintiff does not owe. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violate the FDCPA.

36. Defendant further violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to repeatedly assert that it could collect upon the subject debt, which Plaintiff does not owe. Plaintiff was unfairly and repeatedly led to believe that Defendant could collect upon a debt that he does not owe. Defendant's actions only served to confuse and worry Plaintiff.

WHEREFORE, Plaintiff, CLIFFORD L. EDWARDS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 26, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the District of Colorado
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the District of Colorado
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com