IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action Number 1:18-cv-003322-STV

Clifford L. Edwards,

    Plaintiff,

v.

BC Services, Inc.,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|---|
| 1. | Defendant's First Undisputed Fact:<br><br>Plaintiff went to the hospital for injuries sustained in an accident.<br><br>Complaint, ¶ 9, Exh A, P. 12. | Undisputed | |

| | | | |
|---|---|---|---|
| 2. | Defendant's Second Undisputed Fact:<br><br>Plaintiff provided the hospital with insurance information for his private insurance carrier.<br><br>Exh. A. P. 13 L. 15-20. | Undisputed | |
| 3. | Defendant's Third Undisputed Fact:<br><br>Colorado Imaging Associates (CIA) was one of the healthcare providers who treated Plaintiff.<br><br>Exh. E, ¶ 4. | Undisputed | |
| 4. | Defendant's Fourth Undisputed Fact:<br><br>CIA sent Defendant information concerning the debt that stated Plaintiff's has private health insurance<br><br>Exh C, Exh. E, ¶ 6 | Undisputed | |

| | | | |
|---|---|---|---|
| 5. | Defendant's Fifth Undisputed Fact:<br><br>Plaintiff's private insurance carrier paid a portion of the bill to CIA.<br><br>Exh. C | Undisputed | |
| 6. | Defendant's Sixth Undisputed Fact:<br><br>On December 11, 2018 Defendant mailed a letter to Plaintiff for an unpaid debt for $7.20 owed to Colorado Imaging Associates (CIA).<br><br>Answer, ¶ 12. | Undisputed | |
| 7. | Defendant's Seventh Undisputed Fact:<br><br>The letter stated "Interest: $0.00"<br><br>Answer, ¶ 13. | Undisputed | |

| | | | |
|---|---|---|---|
| 8. | Defendant's Eighth Undisputed Fact:<br><br>The letter accurately stated the amount of the debt as $7.20<br><br>Exh D, Exh E, ¶ 8. | Undisputed to the extent the debt at issue totaled $7.20; however, it is disputed to the extent such representation was "accurate" as reflected in the letter since Plaintiff had no obligation on the subject debt by virtue of it being covered by worker's compensation. Def's Exh. E, ¶ 9. | |
| 9. | Defendant's Ninth Undisputed Fact:<br><br>On December 18, 2018 Plaintiff placed a phone call to Defendant stating he doesn't owe the debt, it's covered by workers' compensation, and he is going to sue Defendant's "client."<br><br>December 18, 2018 phone call (01:03 and 01:55) | Undisputed | |

| | | | |
|---|---|---|---|
| 10. | Defendant's Tenth Undisputed Fact:<br><br>It was not until the December 18, 2018 phone call that Defendant became aware the debt may be covered by workers' compensation insurance.<br><br>Exh. E, ¶ 9. | Undisputed | |
| 11. | Defendant's Eleventh Undisputed Fact:<br><br>On December 19, 2018 Plaintiff retained an attorney<br><br>Exh. A, P. 42, L. 11-25 | Undisputed | |
| 12. | Defendant's Twelfth Undisputed Fact:<br><br>On December 19, 2018 Plaintiff spoke to his attorney who instructed him to call Defendant<br><br>Exh A, P. 34, L. 7-12; P. 43, L. 8-15 | Undisputed | |

| | | | |
|---|---|---|---|
| 13. | Defendant's Thirteenth Undisputed Fact:<br><br>As instructed by his attorney Plaintiff placed a phone to Defendant on December 19, 2018<br><br>*Id.* | Undisputed | |
| 14. | Defendant's Fourteenth Undisputed Fact:<br><br>In the December 19, 2018 phone call Plaintiff asked Defendant what its intentions were regarding the debt<br><br>December 19, 2018 phone call (00:46) | Undisputed | |
| 15. | Defendant's Fifteenth Undisputed Fact:<br><br>In response to his question Defendant responded its intent was to collect the debt<br><br>*Id.* at 00:54 | Undisputed | |

| | | | |
|---|---|---|---|
| 16. | Defendant's Sixteenth Undisputed Fact:<br><br>Defendant did not request payment of the debt from the Plaintiff in the December 19, 2018 phone call<br><br>December 19, 2018 phone call, Exh. E ¶ 10. | Undisputed | |
| 17. | Defendant's Seventeenth Undisputed Fact:<br><br>Defendant did not tell Plaintiff it will continue efforts to collect the debt from him in the December 19, 2018 phone call.<br><br>Exh A, P. 46, L. 20-24; P. 77, L. 23-25 | This fact is in dispute. Although Defendant did not use the specific words "we will continue to collect the debt from you," Defendant's December 19, 2018 phone call nevertheless illustrated Defendant's intent to continue its efforts to collect from Plaintiff.<br><br>Def's Exh. A, P. 46, L. 16-19; P. 55, L.22-24. | |

| | | | |
|---|---|---|---|
| 18. | Defendant's Eighteenth Undisputed Fact:<br><br>The December 11, 2018 letter was the only communication sent by Defendant to Plaintiff<br><br>Exh, A, P. 55-56, L. 24-6 | Undisputed | |
| 19. | Defendant's Nineteenth Undisputed Fact:<br><br>Defendant did not tell Plaintiff in either phone call the amount of the debt may change.<br><br>Recorded phone calls. | Undisputed | |

| | | | |
|---|---|---|---|
| 20. | Defendant's Twentieth Undisputed Fact:<br><br>Pinnacol Assurance contacted Defendant after the December 19, 2018 phone call stating it will pay the debt.<br><br>Exh. E, ¶ 11. | Undisputed | |
| 21. | Defendant's Twenty-First Undisputed Fact:<br><br>Pinnacol paid the debt in full in the amount of $7.20<br><br>Exh. E ¶ 12. | Undisputed | |

| | | | |
|---|---|---|---|
| 22. | Defendant's Twenty-second Undisputed Fact:<br><br>Upon receipt of the payment BC considered the debt paid in full.<br><br>*Id.* | Undisputed | |
| 23. | Defendant's Twenty-Third Undisputed Fact:<br><br>Defendant relies on the information provided to it by CIA<br><br>Exh. E, ¶ 14. | Undisputed | |
| 24. | Defendant's Twenty-Fourth Undisputed Fact:<br><br>CIA has provided accurate information in the past.<br><br>Exh. E, ¶ 15. | Undisputed | |
| 25. | | **Plaintiff's Statement of Undisputed Facts**<br><br>At the time Plaintiff received the medical services resulting in the creation of the subject debt, Plaintiff made it explicitly clear that the subject debt was covered by worker's compensation, and | Disputed<br><br>Plaintiff stated "[the injury] happened at work." After denying he had insurance coverage Plaintiff stated, "I have private insurance." He did not say the workers' compensation will |

|  |  |  |  |
|---|---|---|---|
|  |  | (cont'd) further provided information that Pinnacol Assurance would be responsible for any excess payments.<br><br>Def's Ex. A, P. 13, L. 6-7; P. 55, L. 6-11. | cover the expenses. Plaintiff did not advise Defendant that Pinnacol Assurance would be responsible. In addition, contradicts SOF No. 2 that is Undisputed.<br><br>Def's Exh A, P. 13, L. 6-12; P. 55, L. 12-14. |
| 26. |  | At no point was Plaintiff to be personally responsible for the $7.20 which Defendant attempted to collect from Plaintiff.<br><br>*Id.*; Def's Exh. E, ¶ 9. | Disputed<br><br>Def. had no knowledge of a workers' compensation claim until the Dec. 18, 2018 phone call.<br><br>Def's Exh. E, ¶ 9; Undisputed SOF No. 10. |