## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-03322-STV

CLIFFORD L. EDWARDS,

       Plaintiff(s)

v.

BC SERVICES, INC.,

       Defendant(s).

## FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The final pretrial conference will be held on December 10, 2019 at 9:30 a.m.

**Appearing for Plaintiff, Clifford L. Edwards:** Nathan C. Volheim, Sulaiman Law Group, Ltd., 2500 Highland Ave., Suite 200, Lombard, Illinois 60148, Telephone (630) 568-3056.

**Appearing for Defendant, BC Services, Inc.,** Irvin Borenstein, Borenstein & Associates, LLC, 7200 South Alton Way, Suite B180, Centennial, CO 80112 (303) 768-0200.

### 2. JURISDICTION

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims were brought under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). This court has personal jurisdiction over this matter because Plaintiff is a resident of Colorado, and Defendant conducts business within the state of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

## 3. CLAIMS AND DEFENSES

Plaintiff: Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated 15 U.S.C. § 1692 *et seq.* of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that Defendant engaged in misleading and impermissible collection activity towards him. On or around December 11, 2018 Defendant sent Plaintiff a collection correspondence that contained a heading stating, "**Interest:** $0.00". Plaintiff contends that Defendant systematically included this heading despite the fact that no interest was currently being charged, nor was interest going to be charged in the future. Plaintiff contends that Defendant's collection correspondence misleadingly and unfairly suggests to an unsophisticated consumer that interest would be charged in the future. The inclusion of this heading was done with the intention of creating a false sense of urgency in the mind of an unsophisticated consumer in violation of 15 U.S.C. § 1692e, e(2), e(5), e(10), f and f(1).

Defendant: Defendant denies violating the FDCPA. The correspondence dated December 11, 2018 (the Letter) accurately stated the amount of the debt and did not state that interest was due or may be due in the future. This Court found the identical letter does not violate the FDCPA in *Alverson v. BC Services, Inc.,* Civil Action No. 18-cv-02488. Defendant reasonably relied on the information provided to it by the creditor who referred the account, Colorado Imaging Associates (CIA) that the debt was valid and not covered by workers' compensation insurance. The FDCPA does not require a debt collector to conduct an independent investigation of a debt assigned to it to determine its accuracy. CIA refers 1,500 – 3,000 accounts per month to Defendant and has a track record of providing accurate information. The information provided by CIA to Defendant does not contain any data or material that would indicate it is inaccurate or whether the validity of the debt is discernable on its face.

## 4. STIPULATIONS

a. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4

b. Venue is proper in the District of Colorado.

c. Defendant is a debt collector as defined by §1692a(6) of the FDCPA.

d. The collection Letter at issue is on file herein as Doc. 17-1.

e. On December 11, 2018, Defendant sent the Letter to Plaintiff.

f. The Letter expressly states: "Interest: $0.00."

g. At the time the Letter was sent, Defendant was not asking Plaintiff to pay interest.

h. The Letter accurately reflected the amount due at the time Defendant sent the Letter to Plaintiff.

i. On June 7, 2018 Plaintiff went to Summit Medical Center for injuries he sustained in an accident.

j. Plaintiff provided the hospital with insurance information for his private insurance carrier.

k. Colorado Imaging Associates (CIA) was one of the healthcare providers who treated Plaintiff.

l. Plaintiff's private health insurance carrier paid a portion of the bill to CIA.

m. CIA sent Defendant information concerning the bill that stated Plaintiff has private health insurance.

n. On December 18, 2018 Plaintiff placed a phone call to Defendant stating he doesn't owe the debt and that it's covered by workers' compensation.

o. It was not until the December 18, 2018 phone call that Defendant became aware the debt may be covered by workers' compensation.

p. On December 19, 2018 Plaintiff retained an attorney.

q. Plaintiff called the Defendant on December 19, 2018 and asked a representative what were its intentions regarding the debt.

    r.   In the phone call Defendant's representative replied that Defendant intended to collect the debt.

    s.   The Letter was the only communication sent by Defendant to Plaintiff.

    t.   Pinnacol Assurance contacted Defendant after the December 19, 2018 phone call that it will pay the debt.

    u.   Pinnacol Assurance paid the debt in full in the amount of $7.20.

    v.   Upon receipt of the payment Defendant considered the debt paid in full.

## 5. PENDING MOTIONS

On September 24, 2019, Defendant filed Defendant's Motion for Summary Judgment. Plaintiff filed Plaintiff's Response to Motion for Summary Judgment on October 15, 2019. Defendant filed its Reply in Support of Defendant's Motion for Summary Judgment on October 29, 2019.

## 6. WITNESSES

a.   List the nonexpert witnesses to be called by each party. List separately:

    (1)   witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

        a)   Clifford L. Edwards;

        b)   Brett Riley, 550 Disc Dr. Longmont, CO 80503, (303) 532-3500. Mr. Riley is Defendant's corporate representative. He is expected to testify to regarding the defenses asserted by BC Services and the interactions between Plaintiff and Defendant.

    (2)   witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

        None.

      (3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

         None.

b.    List the expert witnesses to be called by each party. List separately:

    (1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

        None.

    (2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

And

        None.

    (3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

        None.

## 7. EXHIBITS

(1)    Plaintiff:

    a)  Account Notes;

    b)  The Letter;

    c)  Agreement for Assignment of Insurance Benefits;

    d)  Plaintiff's subpoenaed call records

    e)  December 18, 2018 audio recording of a conversation between Plaintiff and a representative of Defendant;

    f)  December 19, 2018 audio recordings of conversations between Plaintiff and a representative of Defendant;

    g) Any exhibits listed by Defendant.

 (2) Defendant(s):

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

The parties have conferred to discuss in good-faith the settlement of the case. Counsel for the parties do not intend to hold future settlement conferences. It appears from the discussion by all counsel that there is little possibility of settlement. Counsel for the parties have not considered ADR to date.

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein.

9

This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

This is a jury trial estimated to take one to two days. The trial will take place in the Alfred A. Arraj Courthouse in Magistrate Judge Scott T. Varholak's Courtroom – A402 in Denver, Colorado.

DATED this _____ day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

*/s/ Nathan C. Volheim*

Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
nvolheim@sulaimanlaw.com
Attorney for Plaintiff

*s/ Irvin Borenstein*

Irvin Borenstrin
Borenstein & Associates, LLC
7200 S. Alton Way, Suite B180
Centennial, Colorado 80112
Telephone: (303) 468-5771
Facsimile: (303) 768-0220
Attorney for Defendant